## Scoggins v. Hardy

*Dale E. Anstine* and *James A. Nettleton Jr.,* for plaintiff.

*S. Walter Foulkrod II,* for defendant William E. Hardy Jr.

*Melinda S. Fisher Nowak,* for defendant Cindy Mitzel.

HORN, *J.,* March 27, 1991 — This matter is before this court on plaintiff's motion to consolidate, pursuant to Pa.R.C.P. 213, two civil actions arising from two separate motor vehicle accidents involving two different defendants.

The first accident occurred on April 6, 1985, involving defendant Hardy, and the second accident occurred on June 6, 1985, involving defendant Mitzel. As a result of the first accident, plaintiff was under the care and treatment of a physician and filed a lawsuit against Hardy seeking damages for injuries allegedly sustained in that accident. Plaintiff filed the second lawsuit against Mitzel alleging that her prior injuries were aggravated or worsened.

The pleadings are closed and discovery is complete for purposes of this motion for consolidation. Although both of these accidents involved rear-end collisions, plaintiff was a passenger in the first accident and the driver in the second accident.

According to plaintiff, her treating physicians have been unable to determine which of the accidents caused which of the injuries. Defendant Hardy contends plaintiff complained of injuries to her neck after the first accident and injuries to the back and leg after the second accident. Accordingly, defendant Hardy requests that this court view the accidents and injuries as distinct with separate legal and factual issues arising from the first and second accidents.

This court has carefully reviewed the discovery documents that provide a detailed medical history of plaintiff dating back to 1980; however, the first four years are somewhat sketchy. Plaintiff's response to defendant Mitzel's interrogatories include statements and letters from insurance adjusters, physicians, neurosurgeons, physical therapists, and orthopedic surgeons. Plaintiff appears to have had a prolonged pain in the lower back and a cervical strain that eventually necessitated surgery for a herniated cervical disc, C5-6, with a radiculopathy on October 7, 1987.

This court cannot specifically determine with any definiteness which accident caused which injuries. It is clear that plaintiff has suffered as a result of the two collisions. It is also apparent that plaintiff may have had some back problems prior to these injuries.

"Pa.R.C.P. Rule 213(a) not only authorizes a court in which there are pending cases involving a common question of law or fact to consolidate such cases into a single action or to consolidate them for trial, but also authorizes the court to make such orders concerning proceedings therein as may avoid unnecessary costs or delay." Standard Pennsylvania Practice 2d, §19:2.

It appears that this court does have authority to consolidate these two cases. First, we shall consider the advantages to this consolidation to determine if it is appropriate. It would appear that the chance of plaintiff receiving a fair award is enhanced by the consolidation. By consolidation, the jury will hear the totality of the damages that arose out of the two collisions. Neither defendant will be able to point to the other defendant in order to assign a portion of the damages to a missing defendant in separate trials. Separate trials might enable plaintiff to collect twice for the same injury. Plaintiff will only need to call her medical experts at one trial and avoid excessive testimonial fees.

We believe that consolidation would be beneficial to all three parties involved. A Mercer County Court of Common Pleas applied the above reasoning to a case with similar facts and held:

"[W]here the defendant was involved in two automobile accidents within a period of less than two years and received identical injuries in both accidents and where the question of liability is not complicated, this court will consolidate the two cases for trial even though there are different defendants." *O'Meara v. Wilson,* 12 Mercer L.J. 292 (1973).

Defendant Hardy contends in the instant action that consolidation would lead to jury confusion with respect to plaintiff's contributory negligence. We believe that a jury would be able to discern the liability of each party and assess damages appropriately. We do not agree with defendant Hardy that consolidation would unduly prejudice either party's rights.

For the foregoing reasons, we grant plaintiff's motion to consolidate civil actions 87-SU-01206-01 and 87-SU-0241-01. We believe that all parties in-

volved will be benefited by the consolidation, and while court time can be conserved by consolidation, this is a nominal factor in our consideration.

## ORDER

And now, March 27, 1991, the cases of *Teann J. Scoggins v. William E. Hardy Jr.,* no. 87-SU-01206-01, and *Teann J. Scoggins v. Cindy Mitzel,* no. 87-SU-02041-01, are ordered consolidated for trial.